The next case this morning is 24-2179 Spinelli v. Coherus Biosciences. Counsel for Appellant, if you will make your appearance and proceed, please. Good morning, Your Honor. May I please the court? My name is Vanessa DeNiro and I'm here on behalf of the Appellant Mark Spinelli. He is also the plaintiff in this case. We filed this appeal as a result of a motion denying the complaint or dismissing the complaint under 12b-6. We also filed a motion to reconsider and or amend the complaint under rule 59e and that was also denied. We're arguing today, Your Honor, we initially filed five counts in the initial complaint and there was also a an amended complaint because this case was removed from New Mexico State Court to the federal court and so we filed an initial amended pleading and then and we had five counts and we appealed only on count one in part and count four. Count one in part is under the New Mexico Human Rights Act, a violation of that act for disability discrimination and retaliation and then also under count four would be for common law retaliation for both disability discrimination, retaliation and as well as religious discrimination retaliation. Ms. DeNiro, could I interrupt you for a quick second here? I'm trying to get clear the procedural posture of this case and your understanding of it. It's a little bit of a court dismissed claims without prejudice and we're here now and so and there is some language in your briefing I think that suggested below that you had some question as to whether this this matter was final or not or whether that was a final order but so what is your perception of what the district court was doing and when it dismissed without prejudice and connected to that is the fact that you filed a rule 59e motion which suggests that you did think it was final. So I mean was it final or was it not? After doing substantial research on the matter my understanding is that it was a final order because given the fact that this was a claim that was filed under the New Mexico Human Rights Act as well as the EEOC there are statutory limitations on when the plaintiff can bring forward a complaint and so upon dismissal of this case Mr. Spinelli was was prevented from bringing back the action because he would have been with the New Mexico Human Rights Act and so he would have been past that point and there would be no way to have and I we did the research on it and based on my understanding is that he would have been barred from making those claims so our only recourse was to to have an appeal and can I just stop you for a second and so so what I would see then as when and I appreciate your what I would see then is that the court dismissed with prejudice and I mean without prejudice and our test really is that doesn't bar finality if you can construe the intent of the court to be actually to get the action out of court I mean to to you know the action is done at that point as opposed to you know it being sort of the the setting the stage for further litigation so when you filed the motion rule 59e if I'm understanding your position and tell me if I'm wrong when when you file the motion under rule 59e you were accepting the premise that that was a final order that the court's order dismissing the claims were final and you were seeking then reconsideration of that final order is that right yes your honor okay and you also at that time as part of your rule 59e motion it was a combined pleading included that amendment request right yes okay thank you that's helpful go ahead please thank you we filed only under counts one and four specifically in part count one under the New Mexico Human Rights Act disability and retaliation the lower court in its order to dismiss the case concluded that Mr. Spinelli failed to articulate that he was that he had limited his but he had a disability because he failed to explain that he had major life activities that were limited by his disability and in our briefing we argued that he did sufficiently plead and that the court felt to consider the facts in favor of the plaintiff given the totality of the circumstances and given the procedural law on point essentially because in the amended complaint Mr. Spinelli clearly demonstrated that his disability was due to a vaccine a vaccine injury from previous years in 2015 and his that vaccine injury resulted in permanent permanent paralysis to the left side of his body his torso and his face which in there was some case law that certain disabilities can inherently demonstrate that there will be limitations on major life activities and the under the ADA and New Mexico Human Rights Act that follows the Americans Disability Act it's it's not trying to make it difficult for excuse me counsel what was the major life activity that we're dealing with that you referred to in your complaint and the initial complaint um the we specifically cite to the letter that was prepared by um Mr. Spinelli's medical clinician who stated that he had he was prevented from obtaining the vaccine the COVID-19 vaccine because of prior uh injury from the vaccine doesn't contact the major life activity does well we did it does because he was unable to obtain a a vaccine that is a part of a major life activity that um he was he because of his previous injury it's just like being prevented from taking medications that could alleviate certain injury um and so that was not there are specific specific acts that we did list in our response to the motion to dismiss to on this point but and can I can I hit the pause button there and the there were allegations there were statements and allegations of fact made in your response right to the motion to dismiss and also in in seeking amendment I mean in reconsideration and seeking amendment but the court was limited to the amend the facts in the complaint right I mean in making its determination on both the 12b6 and on later when you sought the motion to reconsider in other words um the fact that you uh you alleged facts that you thought could support your claim in response to the motion to dismiss would not really have any legal effect would it I would argue that it would because we we have argued in our complaint or in our motion the response but also the motion to reconsider and as well as the briefing here in appellate court that the the paralysis to his body and to his face inherently um with common sense and any kind of experience and inference the court should consider that that is a major life activity that's a substantial uh disability that's going to have impact on major life activity even if well I I that that I'm sorry common sense uh then my common sense wouldn't necessarily leave me there I mean that's that's your obligation to plead that and going back to uh Judge Kelly's point I I mean the fact that there is an allegation regarding his condition still opens the door to what is what is the consequence of that COVID-19 the vaccination is part of this mix but the question is the vaccination is not the life activity is it well became a life activity unbeknownst to Mr. Spinelli when he took this job that it actually was going to prevent him from working and although that can be a an act a fact that the court can consider is whether or not an accommodation is required because he would the party would be prevented from working um there are other factors I just want to argue to hit that this point is that because we did provide additional facts and elaborated on the major life activities limited by the disability in our response and in our motions reconsider we argued that that this would be a manifest injustice if the court didn't take the whole totality of the circumstances all the information on the record into consideration with at least allowing for Mr. Spinelli to amend his pleading so that he can include those facts because the court is now aware of him and it would be well and let me hit the pause button on that I mean the question is why is the court obliged to do that I mean the the there was a 12v6 motion the court ruled on that motion it related to your complaint when I read your your motion to reconsider at the end when it had the amendment there was one section and essentially it we it incorporated by through you know through incorporation uh the the the arguments that had been made earlier well why is it my job as a court to figure out what facts to fit into your second amended complaint which you did not present a proposal so I don't even know what what facts you would want to figure your claim right I mean why is that the court's obligation because the court does not like to rule on technical violations of procedure rather on the substance of the case and because we did elaborate in our other filings that these major life activities were directly related to his prior vaccine injury and it did cause paralysis which made it very difficult for him to eat to brush his teeth to drive to do basic living necessities and that that what I know your honor you're not you don't agree but paralysis to your entire left side of the body into the face um we argue that would inherently establish that major life activities are are um are going to be affected and limited it's it really it really is not a question of whether I agree or disagree in it's a question of what was fled you know and and what what what was the position taken because for a couple reasons one the the COVID-19 avoiding COVID-19 shot would have been predicated on having a disability am I following that correctly yes okay well then the COVID-19 can't be the disability I mean it collapses those two things into one I mean you need the and because you have the disability you don't need to take the COVID-19 vaccination the COVID-19 vaccination can't be the the what allows you to have a disability can it your honor I would agree with you although it did become a major life activity activity that was limited um a new limitation to his major life activities because it prevented him from keeping this job uh that is a facts to establish that there are limitations to his daily activities and that was in the the subsequent documents that were filed and had we been allowed to that document wasn't your complaint limited to the complaint and I guess I didn't understand your arguments and your grief basically asking us now at this point to look to this other document that elaborates and the only real option for you is to once again mend your complaints to add this element and explain what major life activity was in that and the rule 59 motion is too late you can't just submit extra documents and expect the court just because you know you want it to look outside the complaint you can't your honor without allowing for Mr. Spinelli at the stage to not be able to amend his complaint um I'm sorry at the um motion to reconsider stage would would be a manifest injustice because there are facts that do establish that's the that's the rule 15 statement manifesting justice you file this and that's because there was no other option at that point um and you had an option earlier you had an option prior to that and pleading the the paralysis from the vaccine injury the paralysis um from our perspective was an inherent disability and then also coupled with the support evidentiary support of his doctor's note um describing that disability your honor and so that was our understanding that that that was a known disability and in the prior motion to dismiss filed by plaintiff they had not attacked that issue um they attacked the the religious uh the religious uh discrimination um allegation and so that was not at issue at the point we we were under the understanding that the disability was already an accepted element or issue and and let me ask you this miss denaro I mean even focusing on your amendment uh uh the request for uh an amendment in the motion to reconsider uh why even why even if the court were inclined to look at that why was your showing for an amendment even sufficient I mean local with the local rule of New Mexico requires you to submit a proposed second proposed pleading if you're seeking an amendment you didn't do that you didn't file a separate motion seeking a second amendment complaint I mean so so in all and as I said I looked at the section and all it says is look up there to find the stuff that would go into my second amended complaint how is the court supposed to know what would be the content of your second amended amended complaint if you didn't tell it based on the legal research your honor what we found was that in order for a motion to amend to even be considered the motion to reconsider would first have to be established and then what I'm saying is you're showing you're showing for a set for a motion to amend in any form I mean if for the court to say look I understand the research you're talking about but if the court is going to say okay I'm going to now vacate this judgment so you can re you can replete well it's going to have to know why it should do that right I mean and what is it that you gave the court so it would know why it should do that we believe that we had sufficient arguments on the response to motion to dismiss and in in the motion to reconsider so that the court could take in consideration all of those facts and circumstances in addition to the additional exhibits that were attached and that would specifically with respect to the Spinelli's affidavit setting forth what explaining in detail what describes his major life activities that are limited by his disability and that was our understanding we did not know under the federal rules if we were permitted to file an attached amended complaint at that time well the district the rules of the district of New Mexico required you to do that I mean the local rules uh and I'm sorry I've taken you two minutes beyond your time um so I'm gonna have to wrap it up I'll just I'll give you reply please under rule 59e it doesn't and the case law corresponding to that didn't make it clear whether or not an amended complaint could be attached under rule 15 yes and so that's where the uncertainty was at we didn't want to violate yet another procedure the procedural rule by attaching a complaint thank you thank you counsel for appellee please proceed good morning your honors may it please the court my name is Carlson I represent the appellee coherence oncology and I'm here today to ask your honors to affirm the district court's ruling dismissing the appellant's complaint now this appeal asks whether the district court erred in dismissing Mr. Spinelli's amended complaint under rule 12b6 and denying his post judgment motions for relief under rule 59e and on the and Mr. Carlson is it as well given the way this has played out that the court's decision albeit without prejudice to deny the claims was a final order at that point that's correct your honor there was no indication that there would be any additional action all the claims were out of court and there was no specific request for leave in the judge's order to amend so at that point the more stringent standard under rule 59e kicked in which gives the court the the most discretion in denying an amended complaint and not just amended complaint but the point being that you you take you you you accept the premise that when the court issued that order denying the claims on the motion to dismiss that it put the plaintiff out of court as which is our language and at that point they if any relief at all it was going to be to a 59e right yes your honor okay thank you so your honor i would like to start with the disability discrimination claim the district court properly held the amended complaint did not plausibly allege the definition of a disability because Mr. Spinelli did not identify any major life activity that was substantially limited by his medical condition now section 28 of the New Mexico Human Rights Act defines a disability not just as a physical or a mental impairment but one that substantially limits one or more major life activities and as this court already alluded to the court is limited to reviewing only the allegations in the complaint and the only allegations in plaintiff's amended complaint on were contained in paragraphs 28 to 31 where Mr. Spinelli simply alleges that he had a permanent nerve condition from a prior vaccine reaction and he received a doctor's advice that should he take the COVID-19 vaccine that could put him at higher risk to exacerbate his existing health condition there are no other factual allegations in the four corners of the amended complaint to show how his permanent nerve condition substantially limited any major life activity and i'd like to direct the court's attention specifically to paragraph 64 of the amended complaint which is page 33 of the appendix in that paragraph Mr. Spinelli specifically alleges if and i quote if vaccination presents a real risk of the condition becoming serious and exacerbated then plaintiff has a serious medical condition for purposes of the New Mexico Human Rights Act end quote so his own allegations in the amended complaint acknowledge he presently doesn't meet the definition of a disability and i'd also like to direct the court to the Hughes versus Terminix case that we cited in our in our brief that's in the fifth circuit that is also in the COVID-19 context where the court upheld the dismissal of a complaint under rule 12b6 because the plaintiff similarly based his disability on a potential future reaction by taking the COVID-19 vaccine to an existing health condition and the court upheld the dismissal of the complaint the ADA doesn't define disabilities under contingencies so here is the correct the court correctly recognized plaintiff did not plead any facts to show that a serious medical condition falls within a specific definition of a disability because he did not identify any major life activity limited by that condition but even if his court were to assume that Mr. Spinelli did in fact plausibly allege the definition of a disability there are still independent basises to dismiss the disability discrimination claim in count one the first independent reason is that Mr. Spinelli did not the final required element of a disability discrimination claim and that is to show that coherence terminated him because of the disability as opposed to complying or failure to comply with coherence's mandatory vaccination policy so put simply on that point whether Mr. Spinelli had a disability or whether he didn't he would have been terminated for not complying with coherence's mandatory vaccination policy and that is precisely what the district court of New Mexico ruled in the Duffy versus T-Mobile case that we said in our papers and I want to direct the court more recently to this court's decision in the Beresnac versus Arrow Electronics case this was issued after the briefing in this case Judge Moritz was presiding on the panel and the 10th circuit affirmed in that case dismissal of the ADA retaliation claim because the plaintiff's retaliation arose from his failure to comply with a company-wide COVID-19 vaccination policy and reminding Mr. Carlson did you submit a 28-J letter on the Beresnac case or not we did not your honor and and just for so that we have a case number 24-1394 August 27, 2025. Okay. So here as in the Beresnac and the Duffy case the missing element is causation the complaint establishes that the termination stemmed from non-compliance with a company-wide policy not because of his disability and it's also significant that there's no allegations in the amended complaint that coherence had any knowledge whatsoever of his medical condition at any time prior to implementing the COVID-19 vaccination policy there is also allegations in the amended complaint where Mr. Spinelli specifically alleges that other employees who were not disabled and didn't take the vaccine were likewise terminated and that's in paragraphs 18 and 41 of the amended complaint so even if this were to assume that Mr. Spinelli did establish that threshold test of a disability it still fails to establish the required plausible link and the second independent basis for dismissal of count one the disability discrimination claim is that Mr. Spinelli did not show that he is a qualified individual with a disability because he was someone who could perform the essential functions of in-person work with or without a reasonable accommodation and the amended complaint itself establishes he couldn't the amended complaint acknowledges that coherence had a policy to require at least 60 percent of interactions with customers to be in person Mr. Spinelli refused to comply with that requirement and because of that he refused to comply with the policy requiring in-person attendance and I also want to point out all I thought almost all of Mr. Spinelli's accounts he was managing remotely in other words there were only two is my recollection that he wasn't managing remotely and so what I mean how does that policy square with that fact I mean this was right up until the end it's my understanding I know that was the rule the situation in COVID understandably so but even after COVID wasn't that what he was doing your honor even accepting that allegation as true I know that's in this complaint but it is irrelevant for purposes of clear here is his business judgment to restore those essential functions and begin the phase in return employers are allowed to begin to prepare to return to the office and that is why it is instituted a phase to return to work policy and I want to direct the court could you briefly address the public policy the dismissal of the state law claim the public policy claim no in the briefing repellent discusses the fact that there's a under the NMHRA New Mexico Human Rights Act has both contained within it a right to be free from unlawful discrimination on retaliation as well as a remedy beyond just administrative report proceedings and the Supreme Court of New Mexico has held that that includes pursuing for common law claims retaliation type claims such as this one so why wasn't that sufficient display of public policy well your honor first his public policy retaliation claim fails just like a statutory retaliation claim because there's no nexus there's no causation between the protected activity whether that is let's just assume under the New Mexico Human Rights Act or whether it was due to his other source of public policy in protecting his bodily integrity from taking the vaccine no matter how you slice it under either theory it fails for lack of causation and again I would direct the court to the Beresnac versus Arrow electronic case as well as a host of other courts around the country the Sharikov Second Circuit case as well as the Georgians and Fourth Circuit case and the West Ninth Circuit case who all say when the protected activity become comes after the announcement of the COVID-19 vaccination policy there simply can't be any retaliation at the 12b6 stage but to answer your other question your honor he didn't argue the New Mexico Human Rights Act was the source of public policy that's acknowledged in page 35 of his own affirmative brief but it simply fails for those same reason that the other statutory claims fail this report dismissed it just because he stayed at public policy yes your honor you could look beyond that under this court's de novo review for lack of causation but the judge's point on that issue was also correct in that refusing to take the vaccine as a personal choice it doesn't implicate the public cohere simply told Mr. Spinelli like all other judges in the United States that it was a personal choice to take the vaccine at will employees this is a new condition of your employment to continue working here you have the option if you can't comply with this requirement you're free to work elsewhere that's a personal choice it's not anything that implicates the public policy and with my remaining time your honor I'd like to address the post-judgment motions this court acted well within its discretion and first denying Mr. Spinelli's rule 59e requests to reopen the case as this court has repeatedly recognized reversal under rule 59 is an extra extraordinary remedy it's limited to instances where there is clear error or whether the district court exceeded bounds of all permissible choice and rule 59e is not a chance to re-argue matters already before the district court that's exactly what Mr. Spinelli attempted to do and he couldn't satisfy either of the three criteria to reopen the case under rule 59e he presented no intervening change of law he didn't show any clear error and he didn't show any new evidence that was previously unavailable at the time he first filed his his complaint or his amended complaint so under this court's standard there's no basis to disturb the district court's decision to deny the rule 59 motion and the district court also properly denied Mr. Spinelli's request to amend under rule 59e I know there was discussion with appellant's argument on this issue but I think we're all in agreement that rule 59e is the standard because Mr. Spinelli did not make any request to amend the complaint at any time prior to dismissal other than his already amended complaint that he did as a right under rule 15 and because we're now living with that standard rule 59e the district court is entitled to much broader discretion again Mr. Spinelli must first reopen the case and meet one of those three criteria he did not and he by not clearing that hurdle this court not even decide whether or not the district court's decision in denying leave was correct but even if again we do consider the district court's decision to deny leave under the traditional de novo analysis in accepting as true the submission that he did in support of that motion accepting everything as true he still can't plausibly allege a disability under the New Mexico Human Rights Act he still can't plausibly allege a claim of retaliation under the New Mexico Human Rights Act or at common law so for those reasons we respectfully ask that the court affirm the dismissal of Mr. Spinelli's amended complaint and I can finish my argument unless the court has any other questions I don't I don't have any questions colleagues okay hearing none case is submitted thank you for your arguments thank you